X Priority
X Send
X Clsd
\_\_ Enter
\_\_ JS-5/JS-6
\_\_ JS-2/JS-3



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MILTON GREENE ARCHIVES, INC., | ) ) ) | SA CV 04-635 AHS (MLGx) |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER GRANTING DEFENDANT VNU'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| BPI COMMUNICATIONS, INC., | ) ) | |
| Defendant. | ) ) | |



I.

**PROCEDURAL BACKGROUND**

On June 24, 2005, Judge Taylor entered judgment granting summary judgment in favor of defendant VNU Business Media, Inc. ("defendant") (erroneously sued as BPI Communications, Inc. and Watson-Guptill Publications), and against plaintiff Milton H. Greene Archives, Inc. ("plaintiff") ("June 24 Judgment"), pursuant to its June 7, 2005, order on motions for summary judgment. The June 24 Judgment further authorized a motion for attorneys' fees. On June 30, 2005, Judge Taylor retired from the bench.

On July 18, 2005, defendant filed a motion for attorneys' fees. On September 6, 2005, plaintiff filed opposition. On

September 12, 2005, defendant filed a reply. The Court took the matter under submission on September 14, 2005.

Having reviewed the file and proceedings held before Judge Taylor and having read and considered the arguments and authorities raised in the parties' papers, the Court grants defendant's motion for attorneys' fees in the amount of $765,695.37.

## II.

## SUMMARY OF THE PARTIES' CONTENTIONS

### A.   Defendant's Motion for Attorneys Fees

Defendant contends that it should be awarded its reasonable attorneys' fees as the prevailing party on plaintiff's copyright claim. As the June 24 Judgment establishes, defendant is the prevailing party based upon its successful defense of plaintiff's claim that defendant infringed its copyrights. In the order, Judge Taylor specifically found defendant to be the prevailing party, ordered that it recover its costs, including recovery of its reasonable attorneys' fees.

Defendant further contends that all of the factors identified by the Supreme Court and the Court of Appeals for the Ninth Circuit support a full award of fees and costs to defendant. In determining whether to award attorneys' fees, the court should first consider "the degree of success obtained." Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994) (citations omitted). The Ninth Circuit has held that, in determining whether to award attorneys' fees to a party prevailing in a copyright infringement case, courts should consider the list of nonexclusive factors approved by the Supreme Court in Fogerty v.

2

Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). In addition to the degree of success, these factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance the considerations of compensation and deterrence." Id. at 534 n.19; accord Jackson, 25 F.3d at 890 (adopting these five factors). "The most critical factor is the degree of success obtained." Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983).

    Defendant maintains that it achieved complete success by prevailing on summary judgment on each and every photograph plaintiff accused of infringement. The second factor, objective unreasonableness, also supports an award of fees. The Ninth Circuit has recognized that the pursuit of objectively unreasonable or frivolous claims alone may justify an award of fees. See Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1229 (9th Cir. 1997). In this case, plaintiff knew at the outset that its copyright in one of the photographs at issue had already been found by a federal court to have been forfeited through publication. Plaintiff's claim to copyright ownership was frivolous as to the remaining six photographs as well. Under the 1909 Copyright Act, a work published in a newspaper or magazine without proper copyright notice falls irrevocably into the public domain, rendering the owner's copyright invalid. See New York Times Co. v. Tasini, 533 U.S. 483, 494, 121 S. Ct. 2381, 150 L. Ed. 2d 500 (2001). Here, the photographs were published in a number of nationally

distributed newspapers and magazines.

Defendant further contends that plaintiff's claims and continued prosecution of this litigation, in the face of mounting evidence of the widespread publication of the photographs without copyright notice, were improperly motivated. A fee award is justified because plaintiff's overzealous litigation tactics, including its abusive Rule 11 motion, needless *ex parte* practice, discovery gamesmanship, and meritless summary judgment motions, contributed to a substantial multiplication of fees.

Finally, defendant maintains that awarding attorneys fees would support considerations of compensation and deterrence. The Ninth Circuit has declared that "[f]aithfulness to the purposes of the Copyright Act is [] the pivotal criterion" in deciding whether to award fees." *Fogerty*, 93 F.3d at 558. Defendant's pursuit of its right to use photographs in the public domain advances the goals of the Copyright Act and warrants full compensation.

Alternatively, defendant contends that it is also entitled to recover substantial attorneys' fees under Fed. R. Civ. P. 37. Rule 37 states that if a party fails to admit the truth of an admission that later is proved to be true, the requesting party may request that the court award reasonable expenses, including attorneys' fees, incurred in making a showing of proof. Here, in response to defendant's request for admissions, plaintiff failed to admit that each of the photographs at issue were in the public domain. Defendant therefore contends it is entitled to the fees and costs it incurred after January 7, 2005 (the date of plaintiff's response)

in proving that the photographs were in the public domain.

Defendant maintains that its attorneys' fees are reasonable because the rates are calculated according to the prevailing market rates in the relevant community. For example, Judge Taylor held in <u>Parks v. Eastwood Insurance Services, Inc.</u>, Case No. SA CV 02-507, that a rate of $425 per hour "is consistent with rates charged by attorneys of equivalent experience in the community [of Los Angeles]" and that "[p]laintiffs' counsel's hourly rate is proper." Here, defendant's counsel negotiated a blended rate of $325 per hour that applied to all attorney hours expended in defending the matter. This rate compares favorably with the 2002 average hourly rate for California counsel of $349 reported in the 2003 American Intellectual Property Law Association's Report of the Economic Survey (which reports 2002 data), and is well below that charged by the partners defending this action. In addition, the number of hours worked was necessary, given the difficulties associated with investigating and establishing the publication of photographs nearly a half century ago, plaintiff's aggressive litigation tactics, and the inherent expense of litigating four cross-motions for summary judgment. Defendant claims 2223.9 hours for attorney time at $325 per hour, 159.7 hours for paralegal time at $160 per hour, and total costs of $22,430.15 for a total claim of $770,749.65.[1]

//

---

[1] Additional attorney time claimed in the Supplemental Declaration of Andrew J. Thomas brings to total claim to $797,789.65.

B.     Plaintiff's Opposition

Plaintiff contends that no attorneys' fees should be awarded in this matter, because application of the Fogerty factors warrants denial of defendant's motion. An award of attorneys' fees is not automatic and is left to the Court's discretion. Fogerty, 510 U.S. at 534. Courts have regularly exercised their discretion to deny attorneys' fees to prevailing parties in copyright actions. See, e.g., Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 382-83 (5th Cir. 2004).

Plaintiff maintains that the first Fogerty factor should be given little or no weight because plaintiff has prevailed in similar actions based on the same photographs at issue in the instant case. Plaintiff also contends that its lawsuit was not frivolous because the issues of law in this case are based on complex facts dating back fifty years. In such cases, a finding of frivolousness is unwarranted. See Grosset & Dunlap, Inc. v. Gulf & Western Corp., 534 F. Supp. 606, 611 (S.D.N.Y. 1982). Factually, the case was also quite complex, requiring nearly sixteen pages for the Court's Order.

Plaintiff argues that its motivation in bringing this lawsuit was to defend the rights it owned against the infringing acts of defendant, not to extort a large unwarranted payout from defendant, and that it was not objectively unreasonable in initiating this lawsuit. Where a party asserts a colorable, albeit incorrect, argument on the merits, a finding of objective reasonableness is proper. Batjac Prods., Inc. v. Goodtimes Home Video Corp., 44 U.S.P.Q. 2d 1788, 1790-91 (C.D. Cal. 1997). At

the time the suit commenced, plaintiff believed it possessed valid copyrights in the subject photographs. Such belief was supported by two favorable rulings at the summary judgment stage in front of Judge Taylor concerning the same and similar photographs, which led to favorable settlements. Further, plaintiff contends that defendant's claims for compensation and deterrence should be rejected. Rather than attempt in good faith to resolve this matter at the early stages, defendant offered only $25,000 and refused to accept plaintiff's offer to compromise at $100,000. Finally, the purposes of the Copyright Act would not be served by an award of fees here, as the same would only serve to discourage copyright holders from pursuing facially valid claims.

In addition, plaintiff argues that defendant is not entitled to fees pursuant to Fed. R. Civ. P. 37 because the request at issue sought an admission as to a legal conclusion, not a fact (i.e., whether the photographs at issue were in the public domain). Last, plaintiff maintains that the fees and costs requested here are not reasonable.

C.     **Defendant's Reply**

In reply, defendant maintains that the Court should award it its reasonable attorneys' fees. Defendant contends that plaintiff's claims were frivolous and objectively unreasonable, because two of the at-issue photographs had been found to be in the public domain before this action was filed. Moreover, Judge Taylor's rulings in prior cases made clear that similarly situated photographs were in the public domain. Defendant further contends that this case was decided upon well-established

legal principles and that defendant had provided plaintiff with relevant facts evidencing widespread, contemporaneous publication without copyright notice.

Defendant also contends that improper motive, though present here, is not required to justify an award of attorneys' fees. The relative financial position of the parties is also irrelevant. Here, plaintiff's exorbitant settlement demands support a fee award. A fee award would also advance the purposes of the Copyright Act. Finally, defendant maintains that it is entitled to its attorneys' fees under Rule 37(c)(2).

Defendant also contends that the blended rate of $325 is reasonable, and that its invoices are sufficiently detailed to support an award of attorneys' fees. Plaintiff's suggested deductions are unreasonable and unsupported by evidence, and the Court should reject plaintiff's selective departures from the blended rate charged by defendant's counsel. Similarly, defendant maintains that the work performed and the fees charged were reasonable. The allocation of work was reasonable, and defendant's attorneys acted reasonably in the discovery dispute.

### III.

### DISCUSSION

Under 17 U.S.C. § 505, the Court may award the "prevailing party" reasonable attorneys' fees in an action brought under the Copyright Act. The Court finds that defendant is entitled to recover its fees and costs under the Copyright Act. Defendant seeks to recover attorneys' fees and associated costs in the amount of $797,789.65.

//

**A.  Defendant's Objection to Plaintiff's Objections and Corrected Objections**

On September 2, 2005, plaintiff filed Objections to defendant's declarations and invoices submitted in support of its motion for attorneys' fees. On September 7, 2005, plaintiff filed Corrected Objections. On September 12, 2005, defendant filed an objection to plaintiff's Objections and Corrected Objections. Defendant contends that plaintiff's Objections and Corrected Objections are in fact supplemental briefing over the 25-page limit and thus violate the Local Rules. Defendant requests that the Court strike the Objections and Corrected Objections filings on the ground that the Local Rules of this District do not permit the filing of a brief other than a motion, opposition, or reply without leave of court. See Local Rule 7-4, 7-6, 7-9, and 7-10.

The Court finds that because plaintiff did not seek permission before filing its Objections and Corrected Objections, the filings were procedurally improper. Defendant, however, has not argued or shown that it was prejudiced by the filings. Under the circumstances, the Court declines to strike the filings.

**B.  Prevailing Party**

"[A] plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Barrios v. California Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002), quoting Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir. 2000). A plaintiff's ability to enforce a judgment, consent

decree, or settlement agreement against the defendant materially alters the legal relationship because the plaintiff can force defendant to do something he would not otherwise be required to do. Id.

In the June 24, 2005 Judgment, Judge Taylor decreed defendant to be the "prevailing party" as defined by Fed. R. Civ. P. 56(d), Local Rule 54-2, and under 17 U.S.C. § 505. Judge Taylor also ordered that defendant may recover its costs, and directed that defendant may file a motion to recover its reasonable attorneys' fees. Id. The foregoing facts afford defendant a legally enforceable instrument, making defendant the prevailing party entitled to attorneys' fees. See Richard S. v. Dep't. of Dev. Servs., 317 F.3d 1080, 1086 (9th Cir. 2003).

C.      **Reasonableness of Defendant's Request**

The customary method for determining the reasonableness of attorneys' fees is known as the lodestar method. Morales v. San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). According to the "lodestar" method, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433, 103 S. Ct. at 1939. The Court may adjust the "presumptively reasonable" lodestar figure based on the factors delineated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), if any were not subsumed in the lodestar calculation.[2] Morales, 96 F.3d at 363.

---

[2] The factors presumably considered by the reasonable hours component or the reasonable rate component include "(1) the novelty and complexity of the issues, (2) the special skill and

1   The Court, however, is not required to consider every factor.
2   Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002).
3   Furthermore, the amount of an award does not render the award
4   unreasonable.  Id.
5         In this case, plaintiff contests the novelty and
6   difficulty of the issues presented; the skill needed to perform
7   the legal services properly; and the experience, reputation, and
8   ability of the attorneys as reason to reduce the fee.  See
9   Plaintiff's Opposition at 10-22.  The Court finds that most of
10  the factors cited by defendant are presumably subsumed in the
11  initial lodestar calculation, and defendant does not justify
12  adjusting the figure on the basis of the other Kerr factors.
13  Morales, 96 F.3d at 364, n.9.
14        **1.   Hourly Rate**
15        "To inform and assist the court in the exercise of its
16  discretion, the burden is on the fee applicant to produce
17  satisfactory evidence - in addition to the attorney's own
18  affidavits - that the requested rates are those prevailing in the
19  community for similar services by lawyers of reasonably
20  comparable skill, experience, and reputation."  See Blum v.
21  Stenson, 465 U.S. 886, 896, n.11, 104 S. Ct. 1541, 79 L. Ed. 2d
22  891 (1984) (noting that courts properly require prevailing
23  attorneys to justify the reasonableness of the requested rate or

---

experience of counsel, (3) the quality of representation, . . .
(4) the results obtained."  Morales, 96 F.3d at 364, n.9, quoting
Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir.
1988); see also Yahoo! v. Net Games, Inc., 329 F. Supp. 2d 1179,
1182 (N.D. Cal. 2004) (considering the contingent nature of the
fee agreement as one of the factors that have been deemed
subsumed in the initial lodestar calculation).

rates); see also G&G Fire Sprinklers, Inc. v. Bradshaw, 136 F.3d 587, 601 (9th Cir. 1998) (overruled on other grounds by Lujan v. G&G Fire Sprinklers, Inc., 532 U.S. 189, 121 S. Ct. 1446, 149 L. Ed. 2d 391 (2001)).

Defendant requests $325 per hour for all attorney hours expended in defending the matter, and $160 per hour for paralegals. See Motion at 24. To support this amount as the prevailing rate in the community for similar services by lawyers of reasonably comparable skill, experience and reputation, defendant references several Central District cases that awarded attorneys' fees based on similar rates. See Motion at 23; Reply at 17. Defendant further submits an affidavit from lead counsel Andrew J. Thomas, who justifies the hourly rates by listing his qualifications as well as his associates' and senior office personnel's qualifications. [Declaration of Andrew J. Thomas ("Thomas Decl.") ¶¶ 27-30].

Plaintiff objects to the hourly rate of the attorneys because the invoices reflect that, in addition to five partners, four far less experienced associates were billed at the same rate. See Corrected Objections at 7. The Court finds that the requested blended hourly rate is reasonable. In re HPL Techs., Inc. Secs. Litig., 366 F. Supp. 2d 912, 921 (N.D. Cal. 2005) ("blended rates typically depend on the overall billing mix including substantial time expended in discovery by junior attorneys with relatively low billing rates."); see also In re Cendant Corp. Deriv. Action Litig., 232 F. Supp. 2d 327, 341 (D. N.J. 2002) (blended rate of $381 was used to calculate lodestar); Maley v. Del Global Tech. Corp., 186 F. Supp 2d 358, 371

(S.D.N.Y. 2002) (blended rate of $366 used to calculate lodestar). Plaintiff also objects that the $160 per hour rate for all legal assistants is unreasonable as a matter of law. See Corrected Objections at 11. The Court finds that the rate of $160 per hour as to paralegals is excessive in this market and economy. See, e.g., In re Application of Mgndichian, 312 F. Supp. 2d 1250, 1266 (C.D. Cal. 2003) (approving paralegal award charged at $100 per hour). Accordingly, the Court reduces the award by $9,582.00.[3]

Thus, the Court calculates the lodestar amounts based on the following rates: (1) for all attorney hours expended in defending the matter, $325 per hour; (2) for paralegals, $100 per hour.

**2.   Hours Expended**

Defendant seeks to recover attorneys' fees for 2,307.1 hours expended.[4] See Motion at Appendix 1; Supplemental Declaration of Andrew J. Thomas at 6. Defendant's counsel and staff incurred attorneys' fees for time spent investigating and establishing the publication of photographs, defending against plaintiff's litigation tactics, and litigating four cross-motions for summary judgment. See Motion at 25. Plaintiff objects to the use of block billing and the use of redactions as suspect billing methods. Block billing occurs "when one amount of time

---

[3] This amount reflects the total hours requested (159.7) at the $100.00 hourly rate, instead of at the $160.00 hourly rate requested by defendant. See Motion at Appendix 1.

[4] This amount reflects an additional 83.2 hours of attorney time spent preparing the instant motion, as claimed in the Supplemental Declaration of Andrew J. Thomas.

is shown for working on more than one discrete task." <u>Cortes v. Metropolitan Life Ins.</u>, 380 F. Supp. 2d 1125 (C.D. Cal. 2005). Here, the entries are for discrete tasks and are thus not "block-billed" entries. <u>See also</u> <u>Hensley</u>, 461 U.S. at 437 n.12 ("[C]ounsel. . . is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."). The tasks performed by the attorneys are readily ascertainable from the unredacted entries, and the invoices submitted to the Court were redacted only to the extent necessary to preserve the attorney-client privilege and the confidentiality of attorney work product.

The Court finds that the number of hours expended on the instant litigation was reasonable, except for the time spent with respect to the preparation of this motion, which the Court reduces by 37.2 hours.

### 3. Specific Tasks

Plaintiff objects that defendant's counsel has impermissibly charged defendant for non-billable "administrative overhead." <u>See</u> Corrected Objections at 11. The Court finds it appropriate to award attorneys' fees for clerical or secretarial tasks, but calculates the amount at the rate of $30 per hour. Plaintiff requests $2,464.00 for tasks the Court considers clerical, based on 15.4 hours at an hourly rate of $160 per hour.[5] The Court accordingly reduces the amount awarded by

---

[5] Most of this work is attributable to clerical tasks performed by legal assistant K. Roth and A. Burgess. <u>See</u> Plaintiff's Corrected Objections at 12, n.14.

$2,002.00, entitling plaintiff to recover $462.00 for clerical tasks. See Missouri v. Jenkins, 491 U.S. 274, 288, n.10, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). The Court reduces the number of paralegal hours by 15.4, resulting in a total of 144.3 hours. Finally, plaintiff contends that defendant's counsel has impermissibly billed for in-house attorney conferences. (Id. at 12.). The Court finds in-house attorney conferences to be the proper subject of billing.

### 4.  Costs

Defendant requests $22,430.15 in associated costs (Thomas Decl., ¶ 39). Plaintiff objects that the claimed costs are excessive as a matter of law, and objects specifically to the "electronic research charges" of $18,688.56. The Court reduces by one-half the costs recoverable for electronic research. Based on the lack of novelty in the instant case, and the similarity to other cases handled by defendant's counsel, the Court finds the time spent on these tasks unreasonable. Accordingly, the Court reduces the requested fee by 50%, to $9,344.28. Thus, defendant is entitled to associated costs in the amount of $13,085.87.

### 5.  Final Calculation

Taking into consideration the foregoing discussion including reducing the amount for paralegal fees and electronic research, $765,695.37 constitutes the total amount.

### D.  Defendant's Evidentiary Objections

Defendant objects to the deposition of Joshua Greene, filed in support of plaintiff's Objections and Corrected

Objections. The Court sustains the objections to paragraphs 7 and 8. All other objections are overruled.

## IV.

### CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for attorneys' fees and costs in the amount of $765,695.37 against plaintiff. This award consists of 2269.9 hours of attorney time at $325 per hour, 144.3 hours of paralegal time at $100 per hour, 15.4 hours of clerical time at $30 per hour, and $13,085.87 in costs. Plaintiff shall pay to counsel for defendant the sum of $765,695.37 forthwith.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the clerk shall serve a copy of this Order on counsel for all parties in this action.

DATED: March 8, 2006.

_____
ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE